
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VASU SINGH, | No. 12-71630 |
| Petitioner, | Agency No. A096-161-261 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Vasu Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's finding that Singh's asylum application was untimely filed. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam) (limiting jurisdiction to questions of law as applied to undisputed facts).

Substantial evidence supports the agency's adverse credibility determination based on Singh's lack of knowledge of basic information regarding Shiromani Akali Dal, despite his claim that he was involved with the political party and inconsistencies in Singh's testimony regarding the injuries he received while in police custody. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). In the absence of credible testimony, Singh's withholding of removal claim fails.

Because Singh's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See Farah*, 348 F.3d at 1156-57.

Finally, we reject Singh's contention that the IJ violated his due process rights by not giving him an opportunity to authenticate his documents. *See Lata v.*

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**